Harry Terwilliger v. Commissioner. Selah Terwilliger and Kathe Terwilliger v. Commissioner. Terwilliger Bros. Inc. v. Commissioner.
Terwilliger v. Commissioner
Docket Nos. 2302-63, 2303-63, 2304-63. .
United States Tax Court
T.C. Memo 1964-207; 1964 Tax Ct. Memo LEXIS 128; 23 T.C.M. (CCH) 1256; T.C.M. (RIA) 64207; August 5, 1964
*128 Thomas J. Plunket, for the petitioners. Arthur S. O'Neill, for the respondent. MURDOCK
Memorandum Findings of Fact and Opinion The Commissioner determined deficiencies in income tax as follows: Harry and Gertrude Ter-
williger
1959
$1,549.87
Selah and Kathe Terwilliger
1959
1,740.75
Year Ended
Terwilliger Bros. Inc.
3-31-60
686.40
The Commissioner, in determining the deficiencies against the individuals, added $5,500 to their jointly reported income as dividends. The assignments of error and the statements of counsel at the opening and closing of the trial indicate that the only issue in the cases of the individual taxpayers is whether the Commissioner erred in determining that the redemption of preferred stock in 1959 was "essentially equivalent to a dividend." Findings of Fact Harry and Gertrude Terwilliger were husband and wife. Selah and Kathe Terwilliger were husband and wife. Each couple filed a joint return for 1959 with the district director at Albany, New York. Terwilliger Bros. Inc. filed its corporate return for its fiscal year ended March 31, 1960, with the same director. Harry and Selah had been carrying on a *129 business as partners for many years prior to the formation of the corporation and their transfer of the business to it. Terwilliger Bros. Inc. was incorporated in June 1953. The minutes of its organizational meeting held on July 1, 1953 contain the offer of Harry and Selah to convey to the corporation all of their business assets in exchange for the stock of the corporation to be issued as follows: To
Common
Preferred
Harry
2000
100
Harry A.
50
Ruth Connell
50
Selah
2000
100
Robert W.
20
Norma S. Martens
20
Alfred R.
60
The preferred stock had a par value of $50 per share and was redeemable at a premium of $5 per share. The offer was accepted and the shares were issued as stated above. Harry A. and Ruth are children of Harry. Robert W., Alfred R. and Norma are children of Selah. There were no changes in the stock holdings material hereto until the preferred was redeemed. The net value for the assets of the corporation as shown on its books at the time of its organization was $324,000. The minutes of a stockholders meeting of Terwilliger Bros. Inc. dated August 12, 1959, is in part as follows: The Treasurer then called the attention *130 of the stockholders to the fact that dividends on the preferred stock have never been paid although the corporation has had considerable earnings. At that time the question of the redemption of the preferred stock was discussed at considerable length. Following the discussion a motion was made by Ruth Connell that the directors pay all of the accrued dividends on the preferred stock of the corporation commencing as of the date of the issuance of that stock to and including the end of the last fiscal year, that is, March 31, 1959. This motion was seconded by Robert W. Terwilliger and unanimously carried. Motion was then made by Selah O. Terwilliger and seconded by Ruth Connell requesting that the Directors issue a call for redemption of the preferred stock at Fifty-five Dollars ($55.00) per share pursuant to the provisions of paragraph 4 of the Certificate of Incorporation, and to issue in payment of the consideration for said redemption promissory notes of the corporation payable on March 31st, 1962. This motion was unanimously carried. The accrued dividends on the preferred stock to March 31, 1959, were paid to the holders thereof on August 31, 1959. Promissory notes of the corporation *131 payable March 31, 1962, bearing interest at 6 percent per annum were issued to the preferred stockholders on September 2, 1959, on the basis of $55 for each share of preferred. The preferred stock was surrendered to and cancelled by the corporation. The corporation paid $1,320 on March 31, 1960, as interest on the notes. The account ledger of Terwilliger Bros. Inc., in particular the account labelled "Preferred Stock Account No. 150" sets forth a credit entry "July 1, 1953 400 shares at $50. Par $20,000." and a debit entry "September 2, 1959 Stock Retired $20,000." The premium of $2,000 included in the total of notes referred to, supra, was credited to notes payable and debited to the surplus account on September 2, 1959. No dividends were paid on common stock of Terwilliger Bros. Inc. until March 31, 1962. The record of dividends paid thereafter is as follows: March 31, 1962
$ 800
June 30, 1962
800
September 30, 1962
1,600
December 31, 1962
1,600
March 31, 1963
1,600
June 30, 1963
1,600
September 31, 1963
1,600
December 31, 1963
800
The officers of the corporation at all times material hereto were: Selah - President Harry - Vice-president
*132 Vance Rich - Secretary and Treasurer The petitioners have failed to show that the redemption of their preferred stock was not essentially equivalent to a dividend. All parts of the stipulation not set out above are incorporated herein by this reference. Opinion MURDOCK, Judge: The only issue properly placed in issue and requiring decision is whether the redemption of the preferred stock of Harry and Selah was essentially equivalent to a dividend, as held by the Commissioner in determining the deficiencies against the individuals. Those determinations carry a presumption of correctness. The petitioners have the burden of proving that the Commissioner erred. They have failed to sustain that burden by introducing evidence that the redemption was other than a dividend within the meaning of the law. Counsel for the petitioners argues in his brief that the notes were not income to the cash basis petitioners but no such issue was even suggested before the cases were submitted for decision by the Court and, furthermore, the record does not contain any evidence to support such a contention. The Commissioner concedes the corporate case if the Court holds as it has as to the individual *133 petitioners. Decisions will be entered for the respondent in Docket Nos. 2302-63 and 2303-63. Decision will be entered for the petitioner in Docket No. 2304-63.